[Crim. No. 4790.   Second Dist., Div. One.   Aug. 14, 1952.]

THE PEOPLE, Respondent, v. HOWARD JENSEN, Appellant.

Howard T. Jensen, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Stanford D. Herlick, Deputy Attorney General, for Respondent.

DORAN, J.—As recited in respondent's brief, in three separate informations, "appellant was charged with a violation of the Dangerous Weapons Control Law; one count of grand theft and one count of a violation of Vehicle Code, Section 503, both in connection with the taking of an automobile; and a charge of escape from jail. In each information it was also alleged that appellant had suffered a prior felony conviction in connection with which he had served a term of imprisonment in a federal prison. Appellant entered a plea of not guilty to each charge; denied the previous convictions; and the causes were submitted upon preliminary transcripts, trial by jury having been duly waived. Appellant was found not guilty of the grant theft count but guilty of all other charges including the prior conviction."

Appellant's position is stated as follows:

"In opening brief it is evident the appellant is so confining himself to the conviction of escape and appellant so stipulates that the respondent is correct in implying the appellant is only attacking one cause upon appeal and has so designated this to be very clear in opening brief and contends that the judgment based upon same be reversed on the following reasons:

"1. Insufficiency of the evidence.

"2. Limitation of evidence and argument to relevant matters.

"3. Prejudicial conduct on the part of the District Attorney resulting in a miscarriage of justice."

■ Appellant appearing in propria persona argues that "Evidence to sustain a conviction against Appellant was determined by sole testimony of Officer K. Kendricts, who stated he placed the Appellant under arrest at the Huntington Park Police Station, and placed him in a cell at thereof upon suspicion of a felony, upon which Officer K. Kendricts stated Appellant escaped. There was no booking slip presented to substantiate statement of the Appellant being incarcerated in this jail, and the only person who stated seeing appellant in custody upon the 3rd day of March, 1951, was Officer K. Kendricts, in testimony, Officer K. Kendricts stated the Appellant was never charged with a crime and when later arrested there was no charge they could place against Appellant." It should be noted that Officer Kendricts testified in part as follows:

"Q. Did you have occasion to make an arrest involving this defendant on or about March 3, 1951? A. I did.

"Q. And what was that arrest for? A. Suspicion, grand theft, auto.

"Q. What did you do with the defendant after arresting him? A. I brought him to the station here in Huntington Park and booked him and put him in the cell downstairs.

"Q. You delivered him to the custody of the jailer? Is that right? A. That is right."

Officer Kendricts' testimony in this regard was corroborated by Officer Smith, who testified as to appellant's arrest:

"Q. Isn't it true that the books do not say anything about 'grand theft, auto'? A. I couldn't say.

"Q. Who has them? A. I imagine they are downstairs in the records room.

"Q. There was a record made? A. I read it on the daily blotter.

"Q. And that was in the ordinary course of business? Is that correct? A. Yes, sir.

"Q. And that was a police booking blotter? Is that correct? A. Yes, sir.

"Q. And that record indicates the custody of the man, what he is being held for? A. Yes, sir.

"Q. At the time? A. Yes, sir.

"Q. And who booked him? A. Yes, sir."

The record reveals that the cell lock was broken and the prisoner disappeared.

That the evidence is sufficient to support the conviction there can be no question.

Other contentions of appellant as noted above lack support in the record.

Affirmed.

White, P. J., and Drapeau, J., concurred.

A petition for a rehearing was denied August 26, 1952.